IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMONA KNAPIK,

        Plaintiff,                      No. CIV S-10-2626 DAD (TEMP)

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.                ORDER

_____/

        This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment or remand and defendant's cross-motion for summary judgment. For the reasons explained below, the court will grant plaintiff's motion for summary judgment or remand, deny the Commissioner's cross-motion for summary judgment, and remand the case under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**PROCEDURAL BACKGROUND**

        On January 26, 2006, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), alleging disability beginning on December 29, 2003. (Transcript (Tr.) at 111-116.) The application was denied initially and upon reconsideration. (Tr. at 64-65.) A hearing was held before Administrative Law Judge (ALJ)

1

Thomas Tielens on February 4, 2009.  (Tr. at 18-64.)  Plaintiff was represented by counsel and testified at the hearing, as did her father and a vocational expert.  (Tr. at 20-63.)  In a decision dated March 25, 2009, the ALJ found that plaintiff was not entitled to DIB benefits.  (Tr. at 11-19.)  The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2008.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 29, 2003 through the date last insured of December 31, 2008.
>
> 3. Through the date last insured, the claimant had the following severe impairments:  migraine headaches; degenerative disc disease, rule out pain disorder.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 416.1567(b) with a sit stand options; occasional climbing, balancing, stooping, crouching, and crawling; no work around ladders, ropes or start folding; restriction to a simple work-- claimant works best in a stable environment.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work.
>
> 7. The claimant was born on April 6, 1976 and was 32 years old, which is defined as a younger individual age 18-49, on the date last insured.
>
> 8. The claimant has at least a high school education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed.

      10.  The claimant was not under a disability, as defined in the Social Security Act, at any time from December 29, 2003, the alleged onset date, through December 31, 2008, the date last insured.

(Tr. at 13-18) (citations to CFR omitted).

      On August 25, 2010, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Tr. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 27, 2010.

## LEGAL STANDARD

      The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

      A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

/////

1  improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d
2  1335, 1338 (9th Cir. 1988).

3  In determining whether or not a claimant is disabled, the ALJ should apply the
4  five-step sequential evaluation process established under Title 20 of the Code of Federal
5  Regulations, Section 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step
6  process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff argues that the ALJ committed three principal errors in finding plaintiff not disabled: (1) the ALJ improperly evaluated the medical evidence; (2) the ALJ failed to set forth germane reasons for rejecting the lay witness testimony of plaintiff's father and mother, with whom she was living; and (3) the ALJ improperly relied on vocational testimony in finding

4

1  that plaintiff is not disabled.  For the reasons set forth below, the ALJ's failure to properly

2  consider the lay witness testimony undermines the ALJ's entire evaluation of the medical

3  evidence and the matter will therefore be remanded for further proceedings.[1]

4          The testimony of lay witnesses, including family members and friends, reflecting

5  their own observations of how the claimant's impairments affect his activities must be

6  considered and discussed by the ALJ.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

7  2006); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Sprague, 812 F.2d at 1232.

8  Persons who see the claimant on a daily basis are competent to testify as to their observations.

9  Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Dodrill v.

10 Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).  If the ALJ chooses to reject or discount the

11 testimony of a lay witness, he or she must give reasons germane to each particular witness.

12 Regennitter, 166 F.3d at 1298; Dodrill, 12 F.3d at 919; see also Stout v. Commissioner SSA, 454

13 F.3d 1050, 1056 ((9th Cir. 2006) (where ALJ fails to properly discuss competent lay testimony

14 favorable to plaintiff, court cannot consider error to be harmless unless it can confidently

15 conclude no reasonable ALJ, when fully crediting testimony, could have reached different

16 disability determination).  The mere fact that a lay witness is a relative of the claimant cannot be

17 a ground for rejecting the witness's testimony.  Regennitter, 166 F.3d at 1298; Smolen, 80 F.3d

18 at 1289.  Nor does the fact that medical records do not corroborate the testimony provide a proper

19 basis for rejecting such testimony.  Smolen, 80 F.3d at 1289.  It is especially important for the

20 ALJ to consider lay witness testimony from third parties where a claimant alleges symptoms not

21 /////

---

[1] As discussed below, because the ALJ in this case did not set forth germane reasons for discounting the laywitness testimony of plaintiffs' parents, the matter must be remanded.  On remand, the ALJ must consider the entire record and should obtain the testimony of an expert regarding whether the combination of plaintiff's impairments is medically equivalent to a Listing and whether there is a later onset date of disability than that alleged.  With respect to development of the record regarding plaintiff's intellectual functioning, the court finds no error in light of the psychological evaluation performed on plaintiff in July of 2007.  (Tr. at 336-340.)

1   supported by medical evidence in the file and the third parties have knowledge of the claimant's
2   daily activities.  20 C.F.R. § 404.1513(e)(2); SSR 88-13.
3         At the administrative hearing held on February 4, 2009, plaintiff's father testified
4   that since 2004, there had been a decrease in plaintiff's overall activity and that her condition had
5   worsened.  (Tr. at 48-49.)  He further testified that plaintiff was living in a home with his wife
6   and himself and that he had observed plaintiff having migraine headaches at least a couple of
7   times a week.  (Tr. at 52.)  With respect to plaintiff's ability to maintain herself for a full work
8   day, plaintiff's father testified that he doubted her ability to do so and that when plaintiff
9   experienced a migraine headache, she would just rest on a couch and try to sleep it off.  (Tr. at
10  53-54.)  Plaintiff's mother offered similar evidence in a third party function report dated January
11  27, 2009.  (Tr. at 202-210.)  Specifically, plaintiff's mother indicated that plaintiff's headaches
12  had "gotten worse" and that plaintiff was severely restricted in her ability to perform even simple
13  household tasks.  (Tr. at 209).
14        Although the ALJ acknowledged the existence of this evidence in the record, no
15  reasons were set forth by the ALJ for rejecting the father's testimony and the mother's statements
16  other than the ALJ noting that the mother's 2009 report was more restrictive than a report made
17  by the mother in 2006.  (Tr. 15-16, 159-166.)  In doing so, the ALJ committed reversible error.
18  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990) (harmless error analysis applicable in
19  judicial review of social security cases); see also Stout, 454 F.3d at 1056.
20        Reviewing the record as a whole, it appears that in rejecting the parents' evidence
21  without discussion, the ALJ minimized the effects of plaintiff's headaches and side effects of
22  pain medications on her ability to perform work activities eight hours a day, five days a week.
23  See SSR 96-8p (residual functional capacity is an assessment of an individual's ability to do
24  sustained work-related physical and mental activities in a work setting on a regular and
25  continuing basis, meaning eight hours a day, for five days a week, or an equivalent work
26  /////

schedule). It also appears that the ALJ failed to consider whether plaintiff's condition was worsening and whether plaintiff had a later onset date of disability than that alleged.

   Consistent with her parents' reports of her worsening condition, in May, 2007, plaintiff noted increased numbness; in June, 2007 plaintiff indicated that she had increased symptoms of extremity paresthesia; and in September 2007, plaintiff reported an increased frequency of migraine headaches. (Tr. at 363, 369, 371.) By April, 2008, plaintiff reported that her headaches had increased in frequency to daily for the previous two months. (Tr. at 352.) Methadone was prescribed during this time period for control of plaintiff's pain and fioricet for her headaches. (Tr. at 380.) In April, 2008, plaintiff was also prescribed intramuscular administration of toradol due to her inability to hold down oral medications because of vomiting. (Tr. at 354.) In light of this record, the court cannot find that the ALJ's disregard of the laywitness evidence is harmless error.

   Moreover, in rejecting the opinion of plaintiff's treating physician Dr. Kevin Cheng, the ALJ focused on Dr. Cheng's statement in 2004 in which he encouraged plaintiff to return to work (Tr. at 233) and the lack of objective findings (Tr. at 385-389, MRI of cervical and lumbar spine) to support the limitations assessed by Dr. Cheng on the basis of plaintiff's degenerative disc disease of the cervical neck. (Tr. at 17, 395-398.) In doing so, the ALJ minimized the other basis of Dr. Cheng's opinion, i.e. that plaintiff suffered from severe migraine headaches and that she suffered from significant side effects of the prescribed medications, including drowsiness, constipation and nausea. (Tr. at 395, 396.) While some of the ALJ's reasons for discounting Dr. Cheng's opinion may be specific and legitimate, it appears from the ALJ's failure to address the parents' testimony that the entire record was not considered in evaluating this treating physician opinion.

/////

/////

/////

**CONCLUSION**

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand (Doc. No. 19) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 20) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

DATED: November 21, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

jmm
knapik.temp.ss