1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMONA KNAPIK,

          Plaintiff,                              No. CIV S-10-2626 DAD (TEMP)

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.                              ORDER

_____/

          This social security action was submitted to the court without oral argument for

ruling on plaintiff's motion for summary judgment or remand and defendant's cross-motion for

summary judgment.  For the reasons explained below, the court will grant plaintiff's motion for

summary judgment or remand, deny the Commissioner's cross-motion for summary judgment,

and remand the case under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**PROCEDURAL BACKGROUND**

          On January 26, 2006, plaintiff filed an application for Disability Insurance

Benefits (DIB) under Title II of the Social Security Act (the Act), alleging disability beginning on

December 29, 2003.  (Transcript (Tr.) at 111-116.)  The application was denied initially and upon

reconsideration.  (Tr. at 64-65.)  A hearing was held before Administrative Law Judge (ALJ)

Thomas Tielens on February 4, 2009.  (Tr. at 18-64.)  Plaintiff was represented by counsel and

testified at the hearing, as did her father and a vocational expert.  (Tr. at 20-63.)  In a decision

dated March 25, 2009, the ALJ found that plaintiff was not entitled to DIB benefits.  (Tr. at 11-

19.)  The ALJ entered the following findings:

> 1.  The claimant last met the insured status requirements of the
> Social Security Act on December 31, 2008.
>
> 2.  The claimant did not engage in substantial gainful activity
> during the period from her alleged onset date of December 29, 2003
> through the date last insured of December 31, 2008.
>
> 3.  Through the date last insured, the claimant had the following
> severe impairments:  migraine headaches; degenerative disc
> disease, rule out pain disorder.
>
> 4.  Through the date last insured, the claimant did not have an
> impairment or combination of impairments that met or medically
> equaled one of the listed impairments in 20 CFR Part 404, Subpart
> P, Appendix 1.
>
> 5.  After careful consideration of the entire record, the undersigned
> finds that, through the date last insured, the claimant had the
> residual functional capacity to perform light work as defined in 20
> CFR 416.1567(b) with a sit stand options; occasional climbing,
> balancing, stooping, crouching, and crawling; no work around
> ladders, ropes or start folding; restriction to a simple work--
> claimant works best in a stable environment.
>
> 6.  Through the date last insured, the claimant was unable to
> perform any past relevant work.
>
> 7.  The claimant was born on April 6, 1976 and was 32 years old,
> which is defined as a younger individual age 18-49, on the date last
> insured.
>
> 8.  The claimant has at least a high school education and is able to
> communicate in English.
>
> 9.  Transferability of job skills is not material to the determination
> of disability because using the Medical-Vocational Rules as a
> framework supports a finding that the claimant is "not disabled,"
> whether or not the claimant has transferable job skills.
>
> 10.  Through the date last insured, considering the claimant's age,
> education, work experience, and residual functional capacity, there
> were jobs that exist in significant numbers in the national economy
> that the claimant could have performed.

10.  The claimant was not under a disability, as defined in the Social Security Act, at any time from December 29, 2003, the alleged onset date, through December 31, 2008, the date last insured.

(Tr. at 13-18) (citations to CFR omitted).

On August 25, 2010, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Tr. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 27, 2010.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

/////

3

1  improper legal standard was applied in weighing the evidence, <u>Burkhart v. Bowen</u>, 856 F.2d

2  1335, 1338 (9th Cir. 1988).

3          In determining whether or not a claimant is disabled, the ALJ should apply the

4  five-step sequential evaluation process established under Title 20 of the Code of Federal

5  Regulations, Section 416.920.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).  The five-step

6  process has been summarized as follows:

7          Step one:  Is the claimant engaging in substantial gainful activity?
           If so, the claimant is found not disabled.  If not, proceed to step
8          two.

9          Step two:  Does the claimant have a "severe" impairment?  If so,
           proceed to step three.  If not, then a finding of not disabled is
10         appropriate.

11         Step three:  Does the claimant's impairment or combination of
           impairments meet or equal an impairment listed in 20 C.F.R., Pt.
12         404, Subpt. P, App. 1?  If so, the claimant is automatically
           determined disabled.  If not, proceed to step four.
13
           Step four:  Is the claimant capable of performing his past work?  If
14         so, the claimant is not disabled.  If not, proceed to step five.

15         Step five:  Does the claimant have the residual functional capacity
           to perform any other work?  If so, the claimant is not disabled.  If
16         not, the claimant is disabled.

17 <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

18         The claimant bears the burden of proof in the first four steps of the sequential

19 evaluation process.  <u>Yuckert</u>, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the

20 sequential evaluation process proceeds to step five.  <u>Id.</u>; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098

21 (9th Cir. 1999).

22                              **APPLICATION**

23         Plaintiff argues that the ALJ committed three principal errors in finding plaintiff

24 not disabled:  (1) the ALJ improperly evaluated the medical evidence; (2) the ALJ failed to set

25 forth germane reasons for rejecting the lay witness testimony of plaintiff's father and mother,

26 with whom she was living; and (3) the ALJ improperly relied on vocational testimony in finding

4

1    that plaintiff is not disabled.  For the reasons set forth below, the ALJ's failure to properly

2    consider the lay witness testimony undermines the ALJ's entire evaluation of the medical

3    evidence and the matter will therefore be remanded for further proceedings.[1]

4              The testimony of lay witnesses, including family members and friends, reflecting

5    their own observations of how the claimant's impairments affect his activities must be

6    considered and discussed by the ALJ.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

7    2006); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Sprague, 812 F.2d at 1232.

8    Persons who see the claimant on a daily basis are competent to testify as to their observations.

9    Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Dodrill v.

10   Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).  If the ALJ chooses to reject or discount the

11   testimony of a lay witness, he or she must give reasons germane to each particular witness.

12   Regennitter, 166 F.3d at 1298; Dodrill, 12 F.3d at 919; see also Stout v. Commissioner SSA, 454

13   F.3d 1050, 1056 ((9th Cir. 2006) (where ALJ fails to properly discuss competent lay testimony

14   favorable to plaintiff, court cannot consider error to be harmless unless it can confidently

15   conclude no reasonable ALJ, when fully crediting testimony, could have reached different

16   disability determination).  The mere fact that a lay witness is a relative of the claimant cannot be

17   a ground for rejecting the witness's testimony.  Regennitter, 166 F.3d at 1298; Smolen, 80 F.3d

18   at 1289.  Nor does the fact that medical records do not corroborate the testimony provide a proper

19   basis for rejecting such testimony.  Smolen, 80 F.3d at 1289.  It is especially important for the

20   ALJ to consider lay witness testimony from third parties where a claimant alleges symptoms not

21   /////

22

23        [1]  As discussed below, because the ALJ in this case did not set forth germane reasons for
     discounting the laywitness testimony of plaintiffs' parents, the matter must be remanded.  On
24   remand, the ALJ must consider the entire record and should obtain the testimony of an expert
     regarding whether the combination of plaintiff's impairments is medically equivalent to a Listing
25   and whether there is a later onset date of disability than that alleged.  With respect to
     development of the record regarding plaintiff's intellectual functioning, the court finds no error
26   in light of the psychological evaluation performed on plaintiff in July of 2007.  (Tr. at 336-340.)

1    supported by medical evidence in the file and the third parties have knowledge of the claimant's

2    daily activities.  20 C.F.R. § 404.1513(e)(2); SSR 88-13.

3          At the administrative hearing held on February 4, 2009, plaintiff's father testified

4    that since 2004, there had been a decrease in plaintiff's overall activity and that her condition had

5    worsened.  (Tr. at 48-49.)  He further testified that plaintiff was living in a home with his wife

6    and himself and that he had observed plaintiff having migraine headaches at least a couple of

7    times a week.  (Tr. at 52.)  With respect to plaintiff's ability to maintain herself for a full work

8    day, plaintiff's father testified that he doubted her ability to do so and that when plaintiff

9    experienced a migraine headache, she would just rest on a couch and try to sleep it off.  (Tr. at

10    53-54.)  Plaintiff's mother offered similar evidence in a third party function report dated January

11    27, 2009.  (Tr. at 202-210.)  Specifically, plaintiff's mother indicated that plaintiff's headaches

12    had "gotten worse" and that plaintiff was severely restricted in her ability to perform even simple

13    household tasks.  (Tr. at 209.)

14          Although the ALJ acknowledged the existence of this evidence in the record, no

15    reasons were set forth by the ALJ for rejecting the father's testimony and the mother's statements

16    other than the ALJ noting that the mother's 2009 report was more restrictive than a report made

17    by the mother in 2006.  (Tr. 15-16, 159-166.)  In doing so, the ALJ committed reversible error.

18    See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990) (harmless error analysis applicable in

19    judicial review of social security cases); see also Stout, 454 F.3d at 1056.

20          Reviewing the record as a whole, it appears that in rejecting the parents' evidence

21    without discussion, the ALJ minimized the effects of plaintiff's headaches and side effects of

22    pain medications on her ability to perform work activities eight hours a day, five days a week.

23    See SSR 96-8p (residual functional capacity is an assessment of an individual's ability to do

24    sustained work-related physical and mental activities in a work setting on a regular and

25    continuing basis, meaning eight hours a day, for five days a week, or an equivalent work

26    /////

1  schedule).  It also appears that the ALJ failed to consider whether plaintiff's condition was

2  worsening and whether plaintiff had a later onset date of disability than that alleged.

3          Consistent with her parents' reports of her worsening condition, in May, 2007,

4  plaintiff noted increased numbness; in June, 2007 plaintiff indicated that she had increased

5  symptoms of extremity paresthesia; and in September 2007, plaintiff reported an increased

6  frequency of migraine headaches.  (Tr. at 363, 369, 371.)  By April, 2008, plaintiff reported that

7  her headaches had increased in frequency to daily for the previous two months.  (Tr. at 352.)

8  Methadone was prescribed during this time period for control of plaintiff's pain and fioricet for

9  her headaches.  (Tr. at 380.)  In April, 2008, plaintiff was also prescribed intramuscular

10 administration of toradol due to her inability to hold down oral medications because of vomiting.

11 (Tr. at 354.)  In light of this record, the court cannot find that the ALJ's disregard of the

12 laywitness evidence is harmless error.

13         Moreover, in rejecting the opinion of plaintiff's treating physician Dr. Kevin

14 Cheng, the ALJ focused on Dr. Cheng's statement in 2004 in which he encouraged plaintiff to

15 return to work (Tr. at 233) and the lack of objective findings (Tr. at 385-389, MRI of cervical and

16 lumbar spine) to support the limitations assessed by Dr. Cheng on the basis of plaintiff's

17 degenerative disc disease of the cervical neck.  (Tr. at 17, 395-398.)  In doing so, the ALJ

18 minimized the other basis of Dr. Cheng's opinion, i.e. that plaintiff suffered from severe

19 migraine headaches and that she suffered from significant side effects of the prescribed

20 medications, including drowsiness, constipation and nausea.  (Tr. at 395, 396.)  While some of

21 the ALJ's reasons for discounting Dr. Cheng's opinion may be specific and legitimate, it appears

22 from the ALJ's failure to address the parents' testimony that the entire record was not considered

23 in evaluating this treating physician opinion.

24 /////

25 /////

26 /////

**CONCLUSION**

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment or remand (Doc. No. 19) is granted;

2.  Defendant's cross-motion for summary judgment (Doc. No. 20) is denied;

3.  The Commissioner's decision is reversed; and

4.  This matter is remanded for further proceedings consistent with this order.

DATED: November 21, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

jmm
knapik.temp.ss

8